IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVE CANNON                                                                                           PLAINTIFF

5:09CV00209JTK

LARRY NORRIS, et al.                                                                               DEFENDANTS

## MEMORANDUM AND ORDER

### I.  Introduction and Case History

This matter is before the Court on the motion for summary judgment filed by the sole remaining defendant Pauletta Green (Doc. No. 47).   Plaintiff filed a response to the motion (Doc. No. 61).

Plaintiff is a former state inmate who originally filed this action while incarcerated at the East Arkansas Regional Unit of  the Arkansas Department of Correction (ADC).   In his original and amended complaints, he alleges deliberate indifference to his serious medical needs by defendants in violation of his Eighth Amendment rights.  Plaintiff asks for monetary relief.

Plaintiff originally named eight individuals and the ADC as defendants in his amended complaint, filed August 26, 2009 (Doc. No. 7).  Defendants Norris and the ADC were dismissed on September 4, 2009, for failure to state a claim upon which relief could be granted (Doc. No. 14).   On December 9, 2009, defendants Reese, King, Landry, Harris, and Goodman filed a motion for summary judgment, alleging plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

On January 12, 2010, this Court issued an Order acknowledging that while summons originally was issued for defendant Green on August 26, 2009, such was apparently misplaced and never processed.  Therefore, the Court directed issuance of service of summons and the complaint on defendant Green (Doc. No. 39).   In the meantime, plaintiff responded to defendants' summary judgment motion and this Court issued a Recommended Disposition that

1

those defendants be dismissed for plaintiff's failure to exhaust his administrative remedies (Doc. No. 44).   The present motion was filed on February 22, 2010 by defendant Green (Doc. No. 47), and by Order dated March 2, 2010, the Court adopted the Recommended Disposition and dismissed defendants Reese, King, Landry, Harris and Goodman (Doc. No. 54).[1]

## II.  Summary Judgment Motion

A. Defendant Green's Motion

In support of her motion for summary judgment, defendant Green adopts by reference the argument set forth by defendants Reese, King, Landry, Harris, and Goodman, that plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies, as required by the PLRA.  (See Doc. Nos. 34-36, Defendants' Motion, Brief, and Statement of Facts) Defendant states that plaintiff did not exhaust any grievances related to this issue, and presents the affidavit of the ADC Inmate Grievance Supervisor Tiffanye Compton in support.  (Doc. No. 47, Ex. D)

Defendant also states plaintiff's complaint against her should be dismissed because he has not alleged facts to support a finding of deliberate indifference by her to his serious medical needs.  Specifically, plaintiff alleges defendant Green improperly assigned him to a job which he was physically unable to perform.  Defendant states in an affidavit that plaintiff was medically categorized by the medical staff as M-2, in average/good physical condition in April 2009, and that she appropriately assigned him to a half-day field utility job in accordance with his restrictions.  (See Doc. No. 47, Ex. C) Defendant further states in her affidavit that when plaintiff's medical restriction was modified in August 2009, she removed him from the field utility job assignment and reassigned him to an indoor job. (Doc. No. 47, Ex. B).  Defendant

---

[1] Defendant Bradley also was dismissed on February 22, 2010, based on an incorrect identification by the plaintiff (Doc. No. 50).

states her actions do not support a finding of deliberate indifference to plaintiff's serious medical needs, as she relied on the medical staff's medical classification and reports in making plaintiff's job assignments.

B.  Plaintiff's Response

In his response, plaintiff does not address the issue of failure to exhaust, and states that despite his physical limitations due to a past hip replacement, defendant Green improperly assigned him to work in the fields.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail,

>prison, or other correctional facility until such administrative remedies
>as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in Jones v. Bock, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Court in Jones also held that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

D.  Analysis

In this particular case, the Court finds plaintiff was required by the ADC grievance procedure to specifically name and/or identify ADC personnel against whom a grievance is made,[2] and there is no dispute of fact that plaintiff did not exhaust a grievance specifically naming defendant Green or any of the other former defendants. Defendants provide the

---

[2] ADC Administrative Directive 09-01 states a grievance should include a brief statement of the complaint, including the "date, place, personnel involved ... "

4

affidavit of Ms. Compton in support, and plaintiff has not proven otherwise by presenting evidence of an exhausted grievance, or by even claiming to have filed and exhausted a grievance against defendant concerning the issue raised in his complaint.  Therefore, the Court finds plaintiff failed to exhaust his administrative remedies as required by the PLRA with respect to defendant Green.   Accordingly,

IT IS, THEREFORE, ORDERED that defendant Green's motion for summary judgment (Doc. No. 47) is hereby GRANTED, and plaintiff's complaint against defendant is DISMISSED.

IT IS SO ORDERED this 27th day of April, 2010.

_____
United States Magistrate Judge